IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MATTHEW JAMES COMER (1),

    Defendant.

Criminal No. 11-0157
ELECTRONICALLY FILED

**MEMORANDUM OPINION AND ORDER REGARDING OBJECTION RAISED BY GOVERNMENT TO COURT'S TENTATIVE FINDING (DOC. NO. 181)**

Before the Court is the United States' Objection to one of the tentative findings, specifically the calculation of the Defendant's base offense level, issued by this Court on April 26, 2013 (doc. no. 178). Doc. No. 181. Also before the Court, is Defendant's Brief in Opposition to the Government's Objection to Defendant's base offense level calculation. Doc. No. 182. The Court will adopt its tentative finding on this issue as final for the reasons set forth herein.

**I. Discussion**

    **A. Procedural History**

Initially, the Final Presentence Report ("PSR") prepared by the Probation Office listed Defendant's base offense level as "20" under United States Sentencing Guidelines § 2K2.1, "because the offenses involved a semiautomatic weapon that is capable of accepting a large capacity magazine[.]" Doc. No. 134, ¶ 23.

After the Final Presentence Report was filed, both the Government and Defendant objected to paragraph 23. The Government contended that Defendant's base offense level of

"20" was still appropriate under U.S.S.G. § 2K2.1 because Defendant had committed the instant offenses subsequent to committing a crime of violence. Doc. No. 141. Defendant argued that the base offense level of "18" was the more appropriate number because no semiautomatic weapon capable of accepting a large capacity magazine was at issue. Doc. no. 142.

The probation office then filed an Addendum to the PSR and stated that the base offense level was correctly stated as "20," albeit not for the semiautomatic weapon reason it had previously proffered, but because Defendant had "committed the instant offense subsequent to sustaining one felony conviction for a crime of violence (the fleeing and eluding a police officer, found at page 16 [of doc. no. 134], paragraph 50)." Doc. No. 153.

The Court issued Tentative Findings and Rulings on this issue (as well as other issues raised by Defendant), and tentatively determined Defendant's base offense level should have been calculated as "18" and not "20." Doc. No. 178. In making this tentative ruling on Defendant's base offense level, the Court stated as follows:

> The base offense level calculation is governed in part by U.S.S.G. §2K2.1. That section reads in pertinent part:
>
>> 2K2.1. Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition
>>
>> (a) Base Offense Level (Apply the Greatest):
>>
>> (4) 20, if—
>>
>>> (A) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense; or
>>>
>>> (B) the (i) offense involved a (I) semiautomatic firearm that is capable of accepting a large capacity magazine; or (II) firearm that is described in 26

> U.S.C. 5845(a); and (ii) defendant (I) was a
> prohibited person at the time the defendant
> committed the instant offense; (II) is convicted
> under 18 U.S.C. 922(d); or (III) is convicted under
> 18 U.S.C. 922(a)(6) or 924(a)(1)(A) and committed
> the offense with knowledge, intent, or reason to
> believe that the offense would result in the transfer
> of a firearm or ammunition to a prohibited person;
>
> (5) 18, if the offense involved a firearm described in 26
> U.S.C. § 5845(a);
>
> U.S.S.G. § 2K2.1.
>
> Defendant has supplied the Court with documentation, and the Court has conducted an independent review of the state criminal docket, which confirms that Defendant was <u>not</u> convicted of a felony offense for fleeing and eluding a police officer. Rather, he was convicted of a second degree misdemeanor. Therefore, the Court will sustain this Objection. Accordingly, the Defendant's base offense level is 18.

Doc. no. 178, p. 3.

After issuing this particular tentative finding and ruling indicating that Defendant's base offense level should be calculated at "18," counsel for the Government argued that Defendant's fleeing and eluding a police officer should be: (1) considered a felony, because even as a second degree misdemeanor it was punishable by more than one year in prison; and (2) characterized as a "crime of violence" because Defendant's prior crime involved him fleeing and eluding a police officer. Doc. No. 181. In Response to the Government's Objection to the tentative finding that Defendant's base offense level should be "18," Defendant's counsel conceded that Defendant's prior crime could be considered a "felony" for sentencing purposes, but disagreed that the prior fleeing and evading crime was one that could be characterized as crime of violence. Doc. No. 182, p. 1, fn. 1.

3

**B. Analysis**

In support of its position that Defendant's prior conviction for fleeing a police officer constitutes a "crime of violence," the Government relies upon the definition set forth in U.S.S.G. § 4B1.2 and an unreported case, *United States v. Jackson*, 495 Fed. Appx. 224 (3d Cir. 2012).

The Court begins its analysis by noting that the "crime of violence" definition found in U.S.S.G. § 4B1.2 is a definition which further defines the terms used in § 4B1.1, which describes what constitutes a "career offender." Quoting from the Guidelines:

> § 4B1.2. Definitions of Terms *Used in Section 4B1.1*
>
> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a) (emphasis added).

In the *Jackson* case, the defendant argued that under *Begay v. United States*, 553 U.S. 137 (2008), and its progeny, reckless conduct no longer qualified as a crime of violence. The issue in the *Jackson* case was whether vehicular flight from police officers could be regarded as a crime of violence as opposed to reckless conduct. 495 Fed. Appx. at 225. In the *Jackson* case, the defendant, prior to committing his federal offense, was previously convicted of "vehicular flight" as defined by Pennsylvania statute 75 Pa.C.S. § 3733. As noted by the United States Court of Appeals for the Third Circuit, vehicular flight under § 3733 involves refusing to bring a vehicle

4

to a stop after being instructed to do so by police, or otherwise fleeing or attempting to elude police who are in pursuit.

The Court of Appeals in *Jackson* specifically held, "We are not persuaded by Jackson's contention that vehicular flight cannot be a crime of violence because, in a particular case, it might occur in a manner that does not place persons at risk." *Id.* The Court of Appeals further stated that statements made by Jackson's counsel during his plea colloquies "supported the District Court's conclusion that Jackson pled guilty to a crime of violence." *Id.* at 226.

It is evident from the record in *Jackson*, that the District Court as well as the Court of Appeals in the *Jackson* case had transcripts from prior court proceedings which enabled those Federal Courts to determine that Jackson's particular vehicular flight from the police constituted a crime of violence as opposed to mere reckless conduct. Also, in *Jackson*, the key issue was whether the vehicular flight could be considered a crime of violence for the specific purpose of determining whether Jackson was a career offender under 2B1.1.

Turning to the instant case, there are two clear distinctions. First, the Government is not suggesting that Defendant be considered a career offender under 2B1.1 and thereby triggering the application of the definitions in 2B1.2; and second, the Government proffered no evidence to support its contention that the vehicular flight at issue rose above the level of reckless conduct, thus leaving this Court solely with the description of the prior conviction set forth in the PSR.

The Court does not reach the issue of whether the definition of "crime of violence" found in U.S.S.G. § 4B1.2 can apply to a non-career offender like Defendant, because the Court does not have definitive evidence before it that could support a finding that the vehicular flight at issue here rose to above the "reckless conduct" level. The only information the Court has concerning the vehicular flight at issue is set forth in the PSR in paragraph 50, which reads in

5

pertinent part as follows:

> According to the affidavit of probable cause, on June 30, 2008, an officer of the New Brighton Police Department was on patrol, at the Little League field when he heard the sound of tires screeching coming from the New Brighton High School parking lot. The officer left the field and headed towards the high school. As he was approaching the school a convertible driven by the defendant sped out of the exit at a high rate of speed. A chase ensued and the defendant's vehicle eventually went out of control and hit a telephone pole. It was subsequently discovered that that the defendant had been operating a stolen vehicle. A criminal complaint was filed and warrant issued on June 30, 2008. The defendant was committed to the Beaver County Jail on July 3, 2008. He was released on $1 bond on July 11, 2008. . . .

Doc. No. 134, ¶ 50. In addition, paragraph 50 also notes that Defendant was sentenced to probation for this particular offense.

Paragraph 50 does not provide the requisite "preponderance of evidence" which this Court must deem to be sufficiently compelling in order to raise the vehicular flight at issue here from "reckless conduct" to that of a "crime of violence." See, *e.g., U.S. v. Miele,* 989 F.2d 659, 663 (1993) ("With respect to the court's findings of fact, the government bears the burden of proof by a preponderance of the evidence."). In addition, despite the extensive criminal history of Defendant (his criminal history category is that of a VI), there are no other crimes of violence noted in his past.

**II. Conclusion**

Upon review and consideration of the Government's Objection and Defendant's Brief in Opposition, the Court will **OVERRULE** the Government's Objection to the Court's proposed finding on this discreet issue (doc. no. 181) and adopts its proposed finding and ruling as final. Accordingly, Defendant's base offense level is "18."

**SO ORDERED, this 2nd day of May, 2013.**

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties